# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEVELAND J. PARKER #455655** | **CIVIL ACTION** |
| **versus** | **NO. 08-3229** |
| **STATE OF LOUISIANA** | **SECTION: "N" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Cleveland J. Parker, is a state prisoner incarcerated at the Wade Correctional Center, Homer, Louisiana. On June 11, 2002, he was convicted of armed robbery.[1] On August 30, 2002, he was sentenced to a term of twenty-five years imprisonment without benefit of probation, parole, or suspension of sentence.[2] On June 27, 2003, his conviction and sentence

---

[1] State Rec., Vol. III of V, transcript of June 11, 2002, pp. 315-16; State Rec., Vol. I of V, minute entry dated June 11, 2002; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. III of V, transcript of August 30, 2002; State Rec., Vol. I of V, minute entry dated August 30, 2002.

were affirmed by the Louisiana First Circuit Court of Appeal.[3] The Louisiana Supreme Court then denied his related writ application on January 30, 2004.[4]

On June 21, 2005, petitioner filed with the state district court an application for post-conviction relief.[5] That application was denied on October 11, 2006.[6] He thereafter filed a motion for reconsideration on November 3, 2006, which was denied on December 1, 2006.[7] His related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on May 14, 2007,[8] and the Louisiana Supreme Court on April 18, 2008.[9]

On or after April 28, 2008, petitioner then filed the instant federal application for *habeas corpus* relief. In his application, he claims that relief is warranted because he received ineffective assistance of counsel at trial.

---

[3] State v. Parker, No. 2002 KA 2631 (La. App. 1st Cir. June 27, 2003) (unpublished); State Rec., Vol. V of V.

[4] State v. Parker, 865 So.2d 73 (La. 2004) (No. 2003-K-2150); State Rec., Vol. IV of V.

[5] State Rec., Vol. IV of V. That application was stamped as filed by the clerk of court on June 30, 2005. However, the United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and so such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Petitioner's application was dated June 21, 2005; therefore, that is the earliest date it may be considered "filed."

[6] State Rec., Vol. IV of V, Order dated October 11, 2006.

[7] State Rec., Vol. IV of V.

[8] State v. Parker, No. 2007 KW 0601 (La. App. 1st Cir. May 14, 2007) (unpublished); State Rec., Vol. IV of V.

[9] State *ex rel.* Parker v. State, 978 So.2d 341 (La. 2008) (No. 2007-KH-1428); State Rec., Vol. IV of V.

The state contends that petitioner's federal application is untimely.[10] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[11]

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on January 30, 2004. Therefore, under § 2244(d)(1)(A), his conviction became "final" no later than April 29, 2004, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, i.e. on April 29, 2005, unless that deadline was extended by tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any

---

[10] Rec. Doc. 11.

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

time during the period from April 29, 2004, through April 29, 2005.[12]  Accordingly, he clearly is not entitled to statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief challenging his conviction had to be filed on or before

---

[12] During that period, petitioner did file two motions for production of documents.  However, motions seeking documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

The Court also notes that petitioner filed a state post-conviction application on June 21, 2005.  However, state applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

April 29, 2005, in order to be timely. His federal application was not filed until April 28, 2008,[13] and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Cleveland J. Parker be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of April, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Although petitioner's federal application was undated, it was mailed in an envelope with a certification of his prison account dated April 28, 2008. Accordingly, that is the earliest date he could have presented his application packet to prison officials for mailing.